IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:22-CV-138-DCK

| | |
|---|---|
| KEVIN EUGENE GOODALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF SOCIAL SECURITY, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Dispositive Brief" (Document No. 9) and Defendant's "Memorandum Of Law In Support Of Summary Judgment" (Document No. 14). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this matter is ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that the Commissioner's decision be <u>vacated</u> and <u>remanded</u> for further consideration.

## BACKGROUND

Kevin Eugene Goodall ("Plaintiff" or "Goodall") seeks judicial review of an unfavorable administrative decision on applications for disability benefits. (Document No. 1). Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") on September 26, 2019, under Title II of the Social Security Act, 42 U.S.C. § 405, <u>and</u> for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, both alleging an inability to work due to a disabling condition beginning April 30, 2018. (Transcript of the Record of Proceedings ("Tr.") 15). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on July 7, 2020, and again after

reconsideration on November 19, 2020. Id. In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you were disabled because of anxiety, depression, colostomy, knees worn out, and high blood pressure. In order to get benefits, disability had to be established on or before 06/30/2018 because insurance coverage ended on that date. The medical evidence shows that your condition was not severe enough prior to the end of your insured period to be considered disabling. More evidence was needed to fully evaluate the claim. Because we could not get this evidence, a disabling condition cannot be established. Therefore, based on all of the medical and non-medical evidence, we have decided that you were not disabled on or before coverage ended according to the Social Security Act.

(Tr. 177, 181).

Plaintiff filed a timely written request for a hearing on or about January 19, 2021. (Tr. 15). On February 24, 2022, Plaintiff appeared and testified at a telephone hearing before Administrative Law Judge Nancy McCoy (the "ALJ"). (Tr. 15, 33-66). In addition, Donna Bardsley, a vocational expert ("VE"), and Aaron Dalton, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued a decision denying Plaintiff's claim on March 4, 2022. (Tr. 15-25). On or about April 6, 2022, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on September 6, 2022. (Tr. 1, 300-302). The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on October 5, 2022. (Document No. 1). The parties consented to Magistrate Judge jurisdiction on January 30, 2023, and this case was promptly reassigned to the undersigned as presiding judge. (Document No. 10).

"Plaintiff's Dispositive Brief" (Document No. 9) was filed January 23, 2023; Defendant's "Memorandum Of Law In Support Of Summary Judgment" (Document No. 14) was filed March 24, 2023; and "Plaintiff's Social Security Reply Brief" (Document No. 15) was filed April 3, 2023.

This matter is now ripe for review and disposition.

## STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that

it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## DISCUSSION

The question decided by the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between April 30, 2018, and the date of her decision – March 4, 2022.[1] (Tr. 15-16). To establish entitlement to benefits, Plaintiff has the burden of proving disability within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

>   (4)     whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
>   (5)     whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 23-24).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since April 30, 2018, the alleged disability onset date. (Tr. 17). At the second step, the ALJ found that "colostomy; pneumoperitoneum; perforated sigmoid diverticulitis; obesity; and knee dysfunction" were severe impairments.[2] Id. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 19-20).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform sedentary work activity, with the following limitations:

>   frequently climb ramps and stairs, stoop, kneel, crouch, and crawl; occasionally climb ladders, ropes, and scaffolds; and occasional exposure to extreme heat, humidity, and hazards, such as unprotected heights and large moving machinery.

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

(Tr. 20). In making this finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p" Id.

At the fourth step, the ALJ held that Plaintiff could not perform any of his past relevant work. (Tr. 23). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 23-24). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a Surveillance System Monitor, an Addresser, and a Sorter. (Tr. 24). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between April 30, 2018, and the date of her decision, March 4, 2022. (Tr. 24-25).

On appeal to this Court, Plaintiff alleges that the ALJ erred by: (1) failing to include, or explain the absence of, any limitations accounting for his non-severe mental impairments; and (2) by failing to account for his non-severe mental impairments as required by SSR 96-8p. (Document No. 9, pp. 5-6). As later noted by Defendant, "[a]ll of Plaintiff's arguments concern the ALJ's evaluation of Plaintiff's mental impairments" and can thus be efficiently consolidated and addressed in a relatively brief discussion. (Document No. 14, p. 5).

The crux of Plaintiff's arguments is that the ALJ found that he had mild limitations in three of the four paragraph B criteria, but the ALJ did not account for any mental limitations in the RFC or provide an adequate explanation for the absence of related limitations in the RFC. (Document No. 9, pp. 6-9). Plaintiff notes that the paragraph B criteria "represent the areas of mental

functioning a person uses in a work setting." (Document No. 9, p. 7) (citing Listing 12.00(A)(2)(b)). "By definition, any limitations, even mild limitation found within the Paragraph B criteria have the potential to impact an individual's ability to perform competitive employment – that is why the Paragraph B factors exist and must be considered at Steps Two and Three of the SEP for cases involving mental impairments." (Document No. 9, p. 8).

According to the ALJ, Plaintiff's mild mental limitations involve: interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing himself. (Document No. 9, p. 6) (citing Tr. 18-19). The follow excerpt summarizes Plaintiff's argument for remand.

> The ALJ failed to explain how an individual with mild deficits in the ability to "relate to and work with supervisors, co-workers, and the public," "focus attention on work activities and stay on task at a sustained rate," and "regulate emotions, control behavior, and maintain wellbeing in a work setting" could meet the social or mental demands of the jobs the ALJ cited at Step Five. Listing 12.00(E); AR 18–24. Even mild limitations in three of the four Paragraph B criteria would reasonably preclude an individual from meeting the social and mental demands of competitive work in the national economy, especially given VE Bardsley's testimony regarding the relatively low employer tolerances for off-task behavior, limited attention spans, and behavior that distracts coworkers. AR 64–65. It is reasonable to assume a person with even mild limitations in any of the Paragraph B criteria, let alone three of four, could have difficulty meeting employer expectations. As SSR 85-15 indicates, "mental illness is defined and characterized by maladaptive behavior," (SSR 85-15)—maladaptive behavior is not reasonably consistent with employer expectations for workers given VE Bardsley's testimony. AR 64–65.

(Document No. 9, p. 13).

In support of his position, Plaintiff relies on three cases: Ashcraft v. Colvin, 3:13-CV-417-RLV-DCK 2015 WL 9304561 at *9 (W.D.N.C. Dec. 21, 2015) ("By finding in step-two that Plaintiff suffers from mild limitations in the above-discussed areas, the ALJ admitted that facts exist which correlate with a limitation on the Plaintiff's ability to stay on task and possibly perform

other work-related functions. . . Nevertheless, in crafting Plaintiff's RFC and in preparing his written decision, the ALJ failed to explain whether Plaintiff's mild limitations translated into an *actual* functional limitation. This failure appears to be in direct conflict with the Mascio court's opinion"); McMichael v. Colvin, 2016 WL 4556768 at *4 (M.D.N.C. Aug. 31, 2016) ("as many other courts in the Fourth Circuit have reasoned, the ALJ's failure to account for mild limitations in the RFC requires remand"); and Boone v. Saul, 1:20-CV-094-GCM-DCK, 2021 WL 1667228 at *3 (W.D.N.C. Apr. 28, 2021) ("mild mental limitations do not per se trigger the *Mascio* requirements. . . . However, a finding of mild limitations at Step Two and then a complete failure to discuss mental limitations in the RFC assessment raises *Mascio* concerns.") See (Document No. 9, pp. 13, 16-19, 20-21, 24).

Defendant contends that the ALJ "fully considered Plaintiff's mental record evidence throughout the decision, and properly concluded that no mental functional limitations were warranted in the residual functional capacity finding." (Document No. 14, p. 1).

Defendant agrees that under the Paragraph B criteria Plaintiff had mild limitations in his mental functioning. (Document No. 14, p. 5). However, in suggesting that the ALJ's analysis was sufficient, Defendant notes that the ALJ "reiterated the generally normal mental status examination findings." (Document No. 14, p. 7) (citing Tr. 22). Defendant then argues that "the ALJ's decision is supposed to be read as a whole." Id. (citations omitted).

Defendant further argues that "[e]ven if the ALJ should have included further RFC limitation, which were not necessary, such further mental functional limitations would have little bearing on the outcome of this case." (Document No. 14, p. 8). Defendant contends that the ALJ properly concluded that the alleged mental limitations did not result in RFC limitations and suggests that the ALJ adequately explained that position by stating: "[t]he following residual

8

Case 5:22-cv-00138-DCK   Document 16   Filed 12/20/23   Page 8 of 10

functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." Id. (quoting Tr. 19).

In reply, Plaintiff argues that Defendant's response is a "*post hac* attempt to write a new RFC analysis for the ALJ [that] violates fundamental principles of administrative law and fails to remedy the ALJ's failure to explain the exclusion of mental limitations in the RFC." (Document No. 15, pp. 1-2) (citations omitted). Plaintiff further argues that "an ALJ does not have to include mental RFC limitations whenever the ALJ finds limitations in Paragraph B criteria, **but the ALJ must explain this absence**." (Document No. 15, p. 2) (citing Mascio, 780 F.3d at 638) (emphasis added).

The undersigned finds that Defendant and the ALJ may *ultimately* be correct about the proper outcome of Plaintiff's disability determination, but agrees with Plaintiff that remand is appropriate. Recent caselaw from this Court based on similar circumstances is instructive. Reviewing similar facts to this case, the Honorable Max O. Cogburn Jr.'s made the following conclusion in Key v. Kijakazi:

> In sum, the ALJ determined that Plaintiff has a non-severe mental impairment of depression with anxiety, and concluded this non-severe mental impairment resulted in mild limitations in all four paragraph B criteria. Therefore, the ALJ was required to discuss how these mild limitations impact Plaintiff's RFC. The ALJ failed to explain the impact of Plaintiff's mild limitations in their RFC analysis. Accordingly, this case will be remanded to the ALJ to clarify how Plaintiff's mental limitations impact her RFC.

Key v. Kijakazi, 5:23-CV-011-MOC, 2023 WL 4904252, at *6 (W.D.N.C. Aug. 1, 2023). See also Williams v. Comm'r Soc. Sec., 5:22-CV-128-DSC, 2023 WL 1931351, at * (W.D.N.C. Feb. 9, 2023) ("While the ALJ may have found that Plaintiff's mild mental health impairments do not result in any functional limitations, his failure to explain that finding requires remand").

In short, based on Defendant's arguments and recent caselaw from this Court, the undersigned is persuaded that the ALJ needed to do more in this case to explain the impact of Plaintiff's mild limitations in mental functioning on his RFC.

## CONCLUSION

The ALJ's analysis here frustrates meaningful review. Based on the foregoing the undersigned finds that this case should be remanded for further consideration by an ALJ. Specifically, the ALJ should explain the impact, or lack thereof, of Plaintiff's non-severe mental limitations on his RFC.

**IT IS, THEREFORE, ORDERED** that the Commissioner's determination is **VACATED** and **REMANDED** for further consideration.

**SO ORDERED**.

Signed: December 20, 2023

David C. Keesler
United States Magistrate Judge